UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLON GREEN,

                Plaintiff,

  v.

IONE ROWE, *et al*.,

                Defendants.

Case No. C12-117-RSM-JPD

REPORT AND RECOMMENDATION

Plaintiff Marlon Green is a federal prisoner who is currently incarcerated at the Federal Medical Center at Butner, North Carolina. On January 17, 2012, plaintiff submitted to the Court for filing a complaint which he identified as both a civil rights complaint and a civil complaint pursuant to the Federal Tort Claims Act ("FTCA"). (*See* Dkt. No. 1.) Plaintiff appeared to allege in his complaint that his assigned vocational rehabilitation counselor at the Seattle Regional Office of the Veterans Administration failed to adequately perform her job. (*Id*.) He also appeared to allege that other employees of the Veterans Administration in Seattle failed to respond to his complaints/concerns regarding his counselor. (*Id*.) Plaintiff identified Veterans Administration employees Ione Rowe, Lyle Anderson, Marcedes Gross, and Sweden Damatas as

REPORT AND RECOMMENDATION - 1

defendants in his complaint and indicated that he was seeking damages in the amount of $2,000,000. (*See* Dkt. No. 1.) Plaintiff subsequently submitted to the Court for consideration an application to proceed *in forma pauperis*. (*See* Dkt. No. 5.)

On February 22, 2012, plaintiff application to proceed *in forma pauperis* was granted and his complaint was filed. (Dkt. Nos. 6 and 7.) On the same date, this Court issued an Order directing plaintiff to show cause why this action should not be dismissed. (Dkt. No. 8.) The Court explained in the Order to Show Cause that plaintiff had not adequately stated a claim for relief under *Biven v. Six Unknown Named Agents*, 403 U.S. 388, 389 (1971) because he failed to allege in his complaint that any of the named defendants caused him harm of federal constitutional dimension and because the facts alleged did not appear to implicate federal constitutional concerns. (*Id.*) The Court further explained that plaintiff had not stated a cognizable ground for relief under the FTCA because he failed to demonstrate in his complaint that he had satisfied the administrative exhaustion requirement of the FTCA. (*Id.*) The Court granted plaintiff thirty days within which to show cause why this action should not be dismissed for failure to state a claim under *Bivens* and/or for failure to exhaust his administrative remedies under the FTCA, 28 U.S.C. § 2675(a). (*Id.*)

On March 5, 2012, the Court received from plaintiff a motion requesting that his *Bivens* claim be changed to a "Petition for Damages." (Dkt. No. 9.) Plaintiff asserts therein that the defendants failed to do their jobs satisfactorily, violated his rights as a disabled American, participated in fraud, and/or committed malpractice. (*See id.*)

On April 2, 2012, the Court received from plaintiff what appears to be an amended complaint. (Dkt. No. 10.) Plaintiff alleges therein that he was wrongfully denied two months pay. (*Id.*) Plaintiff also appears to allege that insurance documents were improperly altered

REPORT AND RECOMMENDATION - 2

which caused him to be charged for medical care which should have been free. (Dkt. No. 10.) However, plaintiff fails to allege in his amended pleading any basis for this Court's jurisdiction over his claims. He also fails to make clear who all of the intended defendants are and the theory on which he believes each is liable for the harm he claims to have suffered. Plaintiff, thus, has not adequately alleged any viable cause of action in his amended pleading.

Because neither plaintiff's original complaint nor his amended pleading appear to adequately allege any viable claim for relief, this Court recommends that this action be dismissed, without prejudice, under 28 U.S.C. § 1915(e)(2)(B). A proposed Order accompanies this Report and Recommendation.

DATED this 26th day of April, 2012.

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3